Filed 5/4/22  P. v. Quintero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO QUINTERO,<br><br>Defendant and Appellant. | F082361<br><br>(Super. Ct. No. BF177886A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

---

[*]     Before Levy, Acting P. J., Franson, J. and Peña, J.

We provide the following description of the procedural history and facts of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## STATEMENT OF THE CASE

On August 20, 2019, Fernando Quintero was charged with one felony count of arson to a structure (Pen. Code, § 451, subd. (c)) and one misdemeanor count of arson with intent to defraud (Pen. Code, § 451, subd. (d)).

On August 30, 2019, the trial court suspended criminal proceedings for a competency evaluation (Pen. Code, § 1368), and on September 20, 2019, found Quintero not competent to stand trial.

On October 18, 2019, Quintero was committed to the Department of Mental Health, pursuant to Penal Code sections 1370/1370.01, for a maximum of two years.

On November 5, 2020, the trial court dismissed the misdemeanor count and adopted the findings of the Behavioral Health and Recovery Services and found Quintero not likely to become competent in the foreseeable future. The court ordered the Kern County Public Conservator to evaluate Quintero for a possible conservatorship proceeding.

On November 9, 2020, Quintero filed a motion to dismiss the underlying charges pursuant to *Jackson v. Indiana* (1972) 406 U.S. 715 and *People v. Quiroz* (2016) 244 Cal.App.4th 1371 (*Quiroz* motion), arguing that, if a defendant has served the maximum period of confinement and is not likely to be restored to competency, the criminal action must be dismissed if the defendant does not qualify for a Murphy conservatorship (Welf. & Inst. Code, § 5008). At the time, the conservatorship evaluation was still pending.

The People filed an opposition to the motion, arguing that Quintero posed a danger to the community and himself, and that his mental disabilities significantly impaired his ability to weigh and consider the costs which violent and/or criminal acts might entail. The People argued that dismissing charges and releasing Quintero would not serve anyone's interests.

2.

The trial court denied Quintero's motion on January 28, 2021, stating the trial court had the discretion to dismiss or not dismiss the charges. In denying the motion, the trial court specifically cited the fact that Quintero had been charged with arson "where he put people in danger." Quintero was placed in the custody of the conservator.

**STATEMENT OF THE FACTS**

Because the facts of the case were not adjudicated, the following is taken from the "Mental Status Exam" filed September 17, 2019, and the September 30, 2020, Metropolitan State Hospital report:

Quintero had a "RAP sheet" starting at age 12, when he was arrested for hit and run with property damage and driving without a license. At age 14, Quintero was arrested for manufacturing and possessing a dangerous weapon, obstructing a public office, vandalism, and battery of a person. He subsequently, over the years, was charged with petty theft, giving false ID to a peace officer, second degree burglary, obstructing a public officer, taking a vehicle without the owner's consent, vehicle theft, possession of a stolen vehicle, and driving without a license. He was charged with failure to obey an order of the juvenile court, numerous times of being under the influence of a controlled substance, possession of unlawful paraphernalia, and a number of trespassing and disorderly conduct incidents.

The current charges alleged that Quintero, after being told to leave a fast food establishment for panhandling, entered the women's restroom and lit a fire inside, damaging walls, the floor and ceiling of the structure. Quintero was later arrested in an abandoned house he regularly slept in.

Quintero was diagnosed with "Unspecified schizophrenia spectrum and other psychotic disorder", "Unspecified other (or unknown) substance" [*sic*], and mild intellectual disability. Quintero experienced an "anoxic brain event" in his early 20's, which appeared to have led to cognitive and subsequent psychotic symptoms.

3.

Quintero continued to exhibit disorganized behaviors and thought processes. He completed one test, but declined to engage in further court competency didactics or assessments, psychological and neuropsychological testing. Quintero's mental state appeared to have improved with medication insofar as he was better able to verbalize his desires, but he continued to exhibit poor insight and executive functioning regarding his reason for admission and his goals for discharge.

The interdisciplinary treatment team believed it was unlikely Quintero would be restored to competency. Quintero was assessed as low risk of violence and suicide, and therefore assessed to be a low risk for dangerous behaviors directed at himself or others while staying at the hospital.

## DISCUSSION

Quintero filed a timely notice of appeal from the denial of his *Quiroz* motion. Quintero's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende, supra,* 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel stating counsel has discussed the case in correspondence with Quintero, sent him a copy of the record on appeal and, on August 5, 2021, advised Quintero that he would serve him a copy of the brief and that Quintero may file a supplemental brief within 30 days of the filing of the brief.

This court sent Quintero a letter August 9, 2021, advising him of his right to file a supplemental brief, if desired. We have received no communication from Quintero.

On March 4, 2022, we invited appellate counsel to consider a variety of new laws that went into effect after the *Wen*de brief was filed. If counsel determined any of the recently enacted legislative changes applied to this case, counsel had 20 days to file a motion to strike the *Wende* brief and instead file an appellant's opening brief. To date, counsel has not done so, and we proceed with the *Wende* brief on file.

4.

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to Quintero.

## DISPOSITION

The judgment is affirmed.